UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 1:13-cr-20194

v.                                                Honorable Thomas L. Ludington
                                                      United States District Judge

JOHN CHARLES HART,

                                                      Honorable Patricia T. Morris
        Defendant.                       United States Magistrate Judge
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE**

This matter is before this Court upon Defendant John Charles Hart's Motion for Compassionate Release. ECF No. 46. For the reason stated below, Defendant's Motion will be denied without prejudice.

In March 2013, a grand jury indicted Defendant for four counts of aggravated sexual abuse in violation of 21 U.S.C. §§ 2241(c), 1151, and 1153. ECF No. 10. Defendant pleaded guilty to one count and was sentenced to 151 months' imprisonment and five years' supervised release. ECF No. 27.

On September 13, 2021, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which the Government contests. *See* ECF Nos. 46; 47. Defendant's Motion requests this Court "to reduce his sentence to time-served, or to . . . add . . . immediate halfway house or home-confinement," because of "his vulnerability to COVID-19 . . . type 2 diabetes, obesity, body mass index of 40 or higher, kidneys are currently 40%, sepsis, consistent use of immune medicines," and "a misdiagnosis by HealthService . . . . that cause his toe to be amputated." ECF No. 46 at PageID.246, 239.

I.

A motion for relief under § 3582(c)(1)(A) requires exhaustion. That is, Defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). That first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

II.

Defendant requested compassionate release from the BOP, which it denied. ECF No. 47 at PageID.249. In his request to the BOP, Defendant cited "neuropathy, and breathing issues," but the instant Motion cites other health conditions and a misdiagnosis that led to his toe being amputated. *Compare id.* (noting to the BOP "neuropathy, and breathing issues"), *with* ECF No. 46 at PageID.240 (noting to this Court that "the institutional Health Services were the core cause of his foot being amputated and hospitalized for a month").

The Government argues that, based on *United States v. Asmar*, Defendant has not satisfied the exhaustion requirement because the instant Motion presents an issue that was not presented to the BOP. 465 F. Supp. 3d 716, 719 (E.D. Mich. 2020) ("Where the factual basis in the administrative request and the motion before the court are different, a defendant does not satisfy the exhaustion requirement . . . ."); *see also United States v. Williams*, 987 F.3d 700, 704 (7th Cir. 2021) (holding that an inmate must raise the same issues in the BOP and federal court to exhaust under § 3582(c)(1)(A)). *Contra United States v. Ferguson*, No. 10-20403, 2021 WL 1685944, at *2 (E.D. Mich. Apr. 29, 2021) ("The Court is persuaded by the reasoning of the courts which have held § 3582(c)(1)(A) does not require issue exhaustion.").

That difference is not necessarily fatal to Defendant's Motion.[1] But the purpose of § 3582(c)(1)(A)'s exhaustion requirement is to ensure the BOP can consider an inmate's request first. *See United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. 2020). The BOP has not yet had the opportunity to consider whether Defendant's toe amputation justifies releasing him or placing him in a halfway house or home confinement. Although this Court may consider arguments not presented to the BOP, Defendant's Motion does not present circumstances exigent enough to remove the BOP from the equation. Therefore, Defendant has not satisfied his exhaustion requirement, and his Motion will be denied without prejudice.[2]

### III.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 46, is **DENIED WITHOUT PREJUDICE**.

Dated: October 19, 2021              s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

---

[1] Respectfully, this Court disagrees with the Government's proposed issue-exhaustion requirement. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). If Congress wanted to add an issue-exhaustion requirement, it would have enumerated it in § 3582(c)(1)(A)'s text. *See Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001) ("Congress . . . does not . . . hide elephants in mouseholes."). Thus, as a *requirement*, issue exhaustion would be an extratextual judicial fiat. Indeed, § 3582(c)(1)(A) states that the court may grant the defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring *a motion* on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). It does not say "*the same motion*." Moreover, an issue-exhaustion requirement would remove the courts' discretion to consider "extraordinary and compelling" reasons for release that arise after the defendant's request to the BOP. That limitation is also not in § 3582(c)(1)(A)'s text.

[2] Because Defendant's Motion is being denied for not presenting the amputation of his toe to the BOP first, this Court need not reach the merits of Defendant's allegations. But even a *verified* diabetes misdiagnosis by the prison system that resulted in a toe amputation would not likely constitute an extraordinary or compelling reason for release. Doctors are mere mortals; their expertise is limited. *See* MICHELLE J. COX, DOCTORS ARE NOT GODS: TAKING RESPONSIBILITY FOR OUR OWN HEALTH AND WELLBEING (2020).